Taylor's Estate.

Argued October 2, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. N. Conrad*, of *Conrad & Conrad*, for appellant.

*Raymond E. Brown* and *Matthew A. Crawford*, for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 25, 1935:

The Brookville Title and Trust Company appeals from an order of the Orphans' Court of Jefferson County appointing the Farmers and Miners Trust Company of Punxsutawney substituted trustee of the estate of David L. Taylor, deceased. Appellant became trustee and executor under decedent's will and has administered the trust until the present time. The petition for appointment of a new trustee was presented in behalf of the widow and children of decedent, the beneficiaries of the trust, and avers as a ground for the suggested appointment that Brookville Title and Trust Company has ceased to function as a corporation and is now being liquidated by trustees for its creditors and stockholders. Appellant denies it has ceased to function and avers on the contrary that it has merely reorganized with the same personnel of officers, directors and employees under the name of Brookville Bank and Trust Company, and asks that the latter named institution be appointed trustee in its place.

From the record it appears that after the so-called national banking holiday of March, 1933, the Brookville Title and Trust Company was permitted to resume business on a restricted basis, as to its commercial department, by the Department of Banking of Pennsylvania. Subsequently on December 22, 1933, a new corporation, styled Brookville Bank and Trust Company, was formed with the consent of the secretary of banking, consisting of 75% of the shareholders of the former Title and Trust Company together with other interested parties, to take

over the assets of the latter company in an amount sufficient to offset liabilities assumed by it, the remaining assets, including slow loans, mortgages, real estate, etc., to be placed in a liquidating trust. On April 10, 1934, the two institutions, the original and its successor, entered into a written agreement, setting forth in detail the method by which the new bank was to take over and assume certain rights and liabilities of the old, and providing specifically, in paragraph twenty-three, as follows: "Old Bank further covenants and agrees that except for the exercise of such powers as are necessary in the winding up of its affairs, it will not engage in the business of banking or exercise any trust powers and will, at the earliest practicable date, effect a surrender and dissolution of its charter by appropriate proceedings at law."

It thus appears that appellant bank is about to pass out of existence and there is a necessity for the appointment of another institution to act as trustee of the Taylor estate. The beneficiaries, by their petition, have not suggested the appointment of the new Brookville Bank and Trust Company as trustee, but on the contrary have indicated a desire to have the trust administered by a different institution. The court below, after full hearing and consideration of the matter, appointed the Farmers and Miners Trust Company of Punxsutawney trustee under the will of decedent, as successor to the Brookville Title and Trust Company. This latter bank, as pointed out in the opinion of the learned judge who heard the case, is located in Jefferson County, which was the county in which testator was domiciled and in which the family home is still maintained. A director of this bank is J. E. Geist, whom testator named in his will as one of the persons having his explicit confidence, together with a special knowledge of his investments.

In these circumstances we find no abuse of discretion in the appointment made by the court below, and, in the

4

absence of such, the order will not be disturbed on appeal.

The order and decree of the court below is affirmed at appellant's costs.